IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGIE BIER,

      **Plaintiff,**

v.                                                    **No. 13-cv-0223 SMV**

CAROLYN W. COLVIN,
Acting Comm'r of SSA,

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 15] ("Motion"), filed on September 25, 2013. The Commissioner responded on November 22, 2013. [Doc. 16]. Plaintiff replied on December 19, 2013. [Doc. 17]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge's ("ALJ's") findings at step four are not supported by substantial evidence. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## I.     <u>Applicable Law and Sequential Evaluation Process</u>

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience.  *Id.*

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

## II.   **Procedural Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on October 14, 2010.  Tr. 10.  Plaintiff alleged a disability-onset date of October 12, 2010.  *Id.*  Her claims were denied initially and on reconsideration.  *Id.*  Plaintiff requested a hearing before an ALJ.  *Id.*  ALJ Ben Willner held a hearing on May 15, 2012, in Albuquerque, New Mexico.  *Id.*  Plaintiff appeared pro se and in person.  Tr. 10, 24−26.  The ALJ took testimony from Plaintiff and an impartial vocational expert ("VE"), Thomas M. LaFosse, who appeared by telephone.  Tr. 10, 30–53.

At the hearing, among other questions, the ALJ asked the VE to "classify [Plaintiff's past work as a cashier] as far as skill and exertional level[.]"  Tr. 47.  The VE responded that Plaintiff's past cashier work was classified as "retail cashier [Dictionary of Occupational Titles ("DOT")] number 211.462-010.  Light duty.  [Specific Vocational Preparation ("SVP") rating of] two."  *Id.*  Later at the hearing, in response to a hypothetical posed by the ALJ, the VE testified that a hypothetical individual with Plaintiff's RFC could perform the duties of retail cashier.  Tr. 48−49.

The ALJ issued his unfavorable decision on November 27, 2012.  Tr. 10–17.  At step one, he found that Plaintiff had not engaged in substantial, gainful activity since December 31, 2010.  *See* Tr. 12.  Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two.  *Id.*  There, he found that Plaintiff suffered from the following severe impairments:  history of seizure disorder, depression, and

osteoarthritis.  *Id.*  At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 13–14.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 14–16.

> [Plaintiff has] the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except [she] is further limited to occasionally climbing ladders, ropes, and scaffolds; she must avoid unprotected heights and dangerous equipment; and she must be permitted to take normal work place seizure precautions. [Plaintiff] is additionally limited to simple tasks with simple instruction, and she can maintain concentration, persistence, and pace for two hours at a time on such tasks, with normal workplace breaks.

Tr. 14.

At step four, the ALJ relied on the VE's hearing testimony to conclude that Plaintiff was able to perform her past relevant work as a cashier as it is generally performed and as Plaintiff actually performed it.  Tr. 16–17.  Ultimately, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act, and he denied the claims.  Tr. 17.  The Appeals Council denied Plaintiff's request for review on January 4, 2013.  Tr. 1–4.  Plaintiff timely filed the instant action on March 7, 2013.  [Doc. 1].

### III.   Analysis

The ALJ's findings at step four are not supported by substantial evidence.  First, there is an unresolved conflict between the VE's testimony regarding Plaintiff's ability to return to her past work as a cashier and the DOT's description of the reasoning level required to perform the duties of a cashier.  Unless the conflict is resolved, the ALJ may not rely on the VE's testimony

as substantial evidence for his ultimate finding of non-disability.  Second, the ALJ's findings regarding the mental demands of Plaintiff's past relevant work are not supported by any evidence. For these reasons, remand is required.

A.  The ALJ's failure to resolve
the conflict between the VE's testimony and the DOT

Plaintiff argues that the ALJ erred in failing to resolve a conflict between the VE's testimony (that someone with Plaintiff's RFC could perform the job duties of cashier) and the DOT's explanation of such duties (including "level-three reasoning").[3]    [Doc. 15] at 6–7. Specifically, in the RFC, the ALJ limited Plaintiff to being able to carry out "simple tasks with simple instruction," Tr. 14, but the job of cashier—which the VE testified Plaintiff was capable of performing—requires higher level reasoning, i.e., level-three reasoning. [Doc. 15] at 6–7. Plaintiff argues that under *Hackett v Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), level-three reasoning is inconsistent with a limitation to simple tasks and instructions.  [Doc. 15] at 6–7.   The Commissioner offers several arguments in opposition, but the Court is not persuaded.

Reasonable explanations are required for conflicts between the DOT and the VE's testimony.  *Hackett v Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (citing Social Security Ruling ("SSR") 00-4p; *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999)).  "[A]n ALJ has a duty to fully develop the record[.]  Questioning a [VE] about the source of his opinion and any deviations from [the DOT] falls within this duty." *Haddock v. Apfel*, 196 F.3d 1084, 1091

---

[3] The DOT describes reasoning level three as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations."  DOT 211.462-010 (cashier II).

(10th Cir. 1999) (clarifying that the duty applies at steps three, four, and five of the sequential evaluation process). "[B]ecause cross-examining a [VE] with a publication such as the [DOT] is clearly a matter for someone well versed in social security law, not a layman[,]" the ALJ— not the claimant—is responsible for investigating and eliciting a reasonable explanation for any conflict between the VE's testimony and the DOT. *Id.* If the ALJ fails this duty and there is an unresolved conflict between the VE's testimony and the DOT, the VE's testimony cannot constitute substantial evidence to support a determination of non-disability. *Id.*

For example, in *Hackett*, the Tenth Circuit Court of Appeals found a conflict between the VE's testimony (that the plaintiff could perform certain jobs even though she was limited to "simple and routine work tasks") and the DOT (which describes the jobs as requiring level-three reasoning). *Hackett*, 395 F.3d at 1171, 1176. The court, therefore, remanded the case "to allow the ALJ to address the apparent conflict between the [p]laintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE." *Id.* at 1176.

The instant case is on all fours with *Hackett*. In *Hackett*, the plaintiff was limited to "simple and routine work tasks," and remand was required where the VE testified that the plaintiff could perform jobs requiring level-three reasoning. *Hackett*, 395 F.3d at 1171. Here, the ALJ limited Plaintiff to "simple tasks with simple instruction," Tr. 14, and the VE testified that Plaintiff could perform a job requiring level-three reasoning, Tr. 17.[4] Plaintiff is correct

---

[4] The Commissioner points out that these RFC restrictions are not *exactly* the same, but she does not argue that the difference is meaningful. [Doc. 16] at 7. The Court agrees with Plaintiff that the variation in the restrictions is not meaningful enough to distinguish this case from *Hackett*. *See* [Doc. 17] at 2–3.

that *Hackett* requires remand to allow the ALJ to explain the inconsistency between VE's testimony and the DOT.

The Court is not persuaded by the Commissioner's argument that there is no conflict between the VE's testimony in this case and the DOT. *See* [Doc. 16] at 6–7. Essentially, the Commissioner argues that the reasoning level is irrelevant; instead, she argues that the SVP rating is what matters. *Id.* The Commissioner argues that Plaintiff's restriction to "simple tasks with simple instruction" is merely a limitation to unskilled work. *Id.* at 6 (citing SSR 96-9p, 1996 WL 374185 at *9). She argues further that unskilled work is compatible with jobs designated in the DOT as having SVP ratings of 1 or 2. *Id.* (citing SSR 00-4p, 2000 WL 1898704 at *3). Since the DOT describes the cashier job as a having an SVP rating of 2, the Commissioner argues that the VE's testimony *was* consistent with the DOT. *Id.* at 7. The Court is not persuaded because this argument does not meaningfully address *Hackett*, which is binding precedent in this circuit.

There is a conflict between the VE's testimony in this case and the DOT. The ALJ failed to investigate and elicit a reasonable explanation for the conflict. Accordingly, the VE's testimony cannot constitute substantial evidence to support the ALJ's decision.

### B. The ALJ's findings regarding the demands of Plaintiff's past relevant work.

The parties dispute whether the ALJ's findings were adequate at phase two of step four, which pertains to the demands of Plaintiff's past relevant work. [Doc. 15] at 7; [Doc. 16] at 4−5. The Tenth Circuit Court of Appeals explained the phases at step four as follows:

> Step four of the sequential analysis . . . is comprised of three phases. In the **first phase**, the ALJ must evaluate a

> claimant's physical and mental residual functional capacity (RFC), *see* SSR 86–8, Soc. Sec. Rep. Serv., Rulings 1983–1991, 423, 427 (West 1992), and in the **second phase**, he must determine the physical and mental demands of the claimant's past relevant work.   20 C.F.R. § 404.1520(e).  In the **final phase**, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.  *See* SSR 82–62, Soc. Sec. Rep. Serv., Rulings 1975–1982, 809; *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993).  **At each of these phases, the ALJ must make specific findings.** *See Henrie*, 13 F.3d at 361.

*Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) (emphases added).

The Tenth Circuit has also clarified that the record must be adequately developed to support the ALJ's findings at phase two in particular.  *E.g., id.* at 1024.  For example,

> [w]hen the claimant has a mental impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.

*Id.* at 1024 (quoting SSR 82-62, 1982 WL 31386 at *3) (alterations omitted).  Where a claimant has a mental impairment and the record is not adequately developed regarding the mental demands of a claimant's past work, remand is necessary because otherwise there is no substantial evidence to support a phase-two finding.  *Id.*; *Flores v. Apfel*, No. 99-2369, 2000 U.S. App. LEXIS 28642 at *10–11 (10th Cir. Nov. 13, 2000) (unpublished) (reversing and remanding for further development of the record regarding the mental demands of claimant's past relevant work because the ALJ did not inquire about such demands at the hearing and because the vocational summary completed by the claimant did not address such demands).

9

Where the record is adequately developed, the phase-two findings must still be sufficient for a phase-three finding and for meaningful judicial review. *Winfrey*, 92 F.3d at 1025 ("Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When . . . the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, [courts] are left with nothing to review.").

Here, Plaintiff argues that at phase two the ALJ impermissibly failed to make findings *himself* regarding the demands of Plaintiff's past relevant work. [Doc. 15] at 7 (citing *Winfrey*, 92 F.3d at 1023–26). Plaintiff argues that the ALJ's recitation of the VE's testimony about the demands of Plaintiff's past work is not enough. *Id.* Thus, Plaintiff concludes that the ALJ's ultimate finding that Plaintiff is able to return to her past relevant work is deficient. *Id.*

The Commissioner responds the ALJ's findings at phase two were sufficient. [Doc. 16] at 8. She argues that the ALJ "specifically referred to the VE testimony that Plaintiff's past work as a [cashier] was an unskilled[,] light duty job that corresponded to [DOT] 211.462-010." *Id.* Essentially, the Commissioner argues that it was adequate for the ALJ to reference the VE's testimony classifying Plaintiff's past work. [Doc. 16] at 8. Plaintiff, however, replies that "[i]n order to make a past work finding, the ALJ 'must obtain adequate factual information about those work demands which have a bearing on the medical established limitations.'" [Doc. 17] at 3 (quoting *Winfrey*, 92 F.3d at 1024). Plaintiff appears to argue that because the ALJ elicited no testimony whatsoever from her regarding the demands of her past work as a cashier, the ALJ's phase-two findings cannot be supported by substantial evidence. [Doc. 17] at 4, 5–6.

10

Plaintiff is correct.  As it stands, the record does not contain substantial evidence to support the ALJ's phase-two findings regarding the mental demands of Plaintiff's past work as a cashier.  Because Plaintiff appeared at the hearing pro se, and because the ALJ found that she had a severe mental impairment (i.e., depression), the ALJ was required to adequately develop the record regarding the mental demands of Plaintiff's past work as a cashier.  *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360–61 (10th Cir. 1993).

The entirety of the ALJ's findings at phase two of step four are as follows:

> **7.  The claimant is capable of performing past relevant work as a cashier.   This work does not require the performance of work-related activities precluded by the claimant's    residual    functional    capacity    (20 [C.F.R. §§] 404.1565 and 416.965).**
> The vocational expert classified the claimant's past relevant work as follows:  daycare worker, DOT # 359.677-026, semiskilled (SVP 3), light exertional level; retail clerk [cashier], DOT# 211.462-010, unskilled (SVP 2), light; and waitress, DOT# 311.477-030, semiskilled (SVP 3), light.

Tr. 16.  To the extent that Plaintiff argues that the phase-two findings are inadequate because the ALJ merely recited the VE's testimony, the Court does not agree.  The ALJ may rely on the VE's testimony in making findings at phase two.  *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003).  Although it would have been preferable for the ALJ to have expressly indicated that he *found* that the demands of Plaintiff's past work were consistent with the cited sections of the DOT, there is no reversible error in the lack of the phrase "I find."  *See id.*

However, Plaintiff also argues that the record does not support the ALJ's finding that the demands of Plaintiff's past work as a cashier correspond to DOT 211.462-010.  *See* [Doc. 17] at 5–6.  As Plaintiff correctly points out, the ALJ asked Plaintiff no question at the hearing

about how she performed her past work as a cashier, and indeed, she gave no testimony on the subject.  *See* Tr. 24–54.  The ALJ did ask questions regarding her past work as a preschool teacher, Tr. 32–34, but none regarding cashiering.  It would seem, therefore, that the VE would have no basis for classifying Plaintiff's past work as a cashier.

However, the ALJ asked the VE if he had had an opportunity to "review the claimant's work history and listen to the testimony presented in [the] hearing."  The VE said, "Yes, I have."  Tr. 46.  The ALJ went on to ask the VE whether he need further testimony from the claimant regarding her past jobs before the VE classified them "as far as skill and exertional level."  The VE said, "No questions, Judge."  Tr. 47.  Additionally, the Commissioner points out that the record contains a work-activity report, completed by Plaintiff, describing her past work as a cashier.  [Doc. 16] at 8 (citing Tr. 182).  The implied argument is that the VE or the ALJ or both had reviewed the work-activity report and that it constitutes substantial evidence to support the phase-two finding.  *See id.*

The Court is not persuaded by the Commissioner's arguments for two reasons.  First, it is unclear whether the VE ever saw the work-activity report.  Indeed, the Commissioner does not explicitly argue that the VE ever saw the work-activity report.  *Id.*  Rather, she merely argues that the work-activity report does not evidence that Plaintiff's past work as a cashier work was not unskilled.  *Id.*  Second, even if the VE did review the work-activity report, the report does not address the mental demands of Plaintiff's cashiering job.  *See* Tr. 182.  Without any evidence—from the hearing or anywhere else—on the record regarding the mental demands

12

of Plaintiff's past work as a cashier, the Court must reverse the ALJ's decision and remand for further factual development of the record.

## C.  Conclusion

The Court will reverse the ALJ's decision and remand the case to allow the ALJ to revisit step four.  The ALJ must address the apparent conflict between Plaintiff's inability to perform more than simple tasks with simple instruction and the level-three reasoning required by the cashier job identified as appropriate for Plaintiff by the VE.  Additionally, the ALJ must make findings regarding the demands of Plaintiff's past relevant work that are supported by substantial evidence.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 15] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**